Filed 12/9/24  P. v. Nava CA5

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>FRANCISCO ANTONIO NAVA,<br><br>    Defendant and Appellant. | F087205<br><br>(Super. Ct. No. VCF361905C)<br><br>**OPINION** |

-ooOoo-

**THE COURT\***

APPEAL from a judgment of the Superior Court of Tulare County.  Antonio A. Reyes, Judge.

Ross Thomas, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Louis M. Vasquez, Kari Ricci Mueller and Amanda D. Cary, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*Before Peña, Acting P. J., Smith, J. and De Santos, J.

## INTRODUCTION

A jury convicted defendant Francisco Antonio Nava of shooting into an occupied motor vehicle (Pen. Code, § 246; count 3) and found true allegations a principal used a firearm within the meaning of section 12022.53, subdivisions (c) and (e)(1). The jury also found the crime was committed for the benefit of a criminal street gang within the meaning of former section 186.22, subdivision (b)(1)(C). (Undesignated statutory references are to the Penal Code.) Our court previously reversed the gang and firearm use enhancements and remanded the matter to the trial court in *People v. Nava* (May 2, 2022, F080965 [nonpub. opn.]), in light of the legislative changes enacted by Assembly Bill No. 333 (2021–2022 Reg. Sess.) (Assembly Bill 333).

On remand, the gang and firearm use allegations were retried and the court found them true. The court sentenced defendant to 23 years' imprisonment, composed of the low term of three years for the substantive offense, plus 20 years for the section 12022.53, subdivisions (c) and (e)(1) firearm enhancement.

Defendant appeals from the judgment, arguing the court abused its discretion by failing to reduce or dismiss the firearm enhancement. The People disagree, but they assert we should order the abstract of judgment and sentencing minute order corrected to accurately reflect the oral pronouncement of judgment.

We affirm the judgment and direct the court to prepare an amended abstract of judgment and minute order that accurately reflect the oral pronouncement of judgment.

## FACTUAL AND PROCEDURAL HISTORY

In 2019, a jury convicted defendant and his three codefendants of shooting into an occupied motor vehicle (§ 246; count 3) and found true allegations a principal used a firearm during the commission of the offense within the meaning of section 12022.53, subdivisions (c) and (e)(1). The jury also found the crime was committed for the benefit of a criminal street gang within the meaning of former section 186.22, subdivision (b)(1)(C). The court originally sentenced defendant to an indeterminate term of 15 years

2.

to life on count 3 pursuant to section 186.22, subdivision (b)(4)(B); the firearm enhancement pursuant to section 12022.53, subdivisions (c) and (e)(1) was ordered stayed. Defendant appealed from the judgment and our court previously reversed the gang and firearm use enhancements and remanded the matter to the trial court in *People v. Nava*, *supra*, F080965, in light of the legislative changes enacted by Assembly Bill No. 333.

On remand, the parties agreed to stipulate to the gang contacts that were previously testified to, but not the other gang expert testimony or evidence regarding predicate offenses. Additional evidence was presented, and the court found the gang and firearm use allegations true beyond a reasonable doubt.

Before resentencing, defendant filed a motion asking the court to stay the section 186.22, subdivision (b)(1)(C) gang enhancement pursuant to section 1385 "based on his numerous activities during his years incarcerated since his original conviction date." He attached to his motion a handwritten letter discussing his remorse, a handwritten "Relapse Prevention Plan," an "Anger Control Plan," a "Statement of Community Support," evidence of the educational and self-help programming he had completed while incarcerated, his "Classification Committee Chrono," a discussion of his parole plans, and a list of his support network.

In response, the People did not challenge the probation department's recommendation to stay the section 12022.53, subdivisions (c) and (e)(1) firearm enhancement but opposed defendant's request to stay punishment for the gang allegation. The People asserted, though section 186.22, subdivision (h) provided the court discretion to strike the additional punishment for the enhancements provided for in that section, the court could only exercise that discretion "'in an unusual case where the interest of justice would best be served,'" but there were no unusual circumstances in this case. Additionally, they argued section 186.22, subdivision (b)(4) provides an "alternative

3.

sentencing scheme" rather than an enhancement; thus, section 186.22, subdivision (h) and section 1385 did not apply.

The court held a sentencing hearing on October 27, 2023, during which it asked the parties the available alternatives if it deviated from the probation report's recommendation. Specifically, the court asked what it had discretion to do, noting it believed it could deviate the time on the firearm enhancement and consider reducing it to a 10-year term. The court acknowledged defendant's rehabilitative efforts but noted "the nature of the crime is serious." The court explained, "[h]e was directly involved in the nature of the crime. We have an innocent family … who was just out there … having dinner, being assaulted eventually by four individuals with a weapon and being shot at. I don't know how more serious it can get."

Defense counsel asked the court to only sentence defendant on count 3 and stay the special allegations. Defendant noted he provided his classification chrono showing he "could go to a level 1 facility" and it was "rare for lifers to go to a level 1 facility." Defense counsel argued it could not be disputed defendant had "become a much better citizen while incarcerated" and had "taken the rehabilitation part of his incarceration very seriously."

The prosecutor asserted, if the court "were to get rid of the gang" allegation, it could reinsert the 20-year gun enhancement even though it was not originally imposed because any determinate term "is invariably less … a sentence than any indeterminate term." Additionally, under *People v. Tirado* (2022) 12 Cal.5th 688, "the Court could go to the ten-year gun [*sic*], but you would have to have a record made of that, and I don't believe the Court's going to be able to substantiate that here to also then deviate from the gang, which you specifically found and was the whole reason for this last trial." The prosecutor asserted, even though the court had the discretion to reduce the firearm enhancement, he did not think that option was "available to the court" because there were not "justifying reasons" to make the record. He did not dispute that defendant had "done

4.

very good work" while in prison. But asserted "[w]e can't just say, hey he's rehabilitated in a couple of years."

Defense counsel responded that the record allowed the court "to deviate from the 20 to the 10," because what defendant provided was "substantial" and "sufficient" to make a record.

The court noted defendant was originally sentenced to 15 years to life. It sentenced defendant to 23 years' imprisonment, composed of the low term of three years for the substantive offense, plus 20 years for the section 12022.53, subdivisions (c)/(e)(1) enhancement. The section 186.22, subdivision (b) enhancement was ordered stayed. The court stated it considered defendant's positive conduct in deviating from the original term of 15 years to life, but such conduct was not enough for the court to stay both the gang and the gun enhancements, noting the seriousness of the crime. The abstract of judgment and minute order erroneously reflect the court stayed the section 12022.53 firearm enhancement and imposed a 20-year term pursuant to section 186.22, subdivision (b)(4)(B).

## DISCUSSION

### I. The Court Did Not Abuse Its Discretion by Failing to Reduce or Dismiss the Firearm Enhancement

#### A. Standard of Review and Applicable Law

"In 2021, the Legislature enacted Senate Bill No. 81 (2021–2022 Reg. Sess.) (Senate Bill No. 81), which amended section 1385 to specify mitigating circumstances that the trial court should consider when deciding whether to strike enhancements from a defendant's sentence in the interest of justice. (Stats. 2021, ch. 721, § 1.)" (*People v. Lipscomb* (2022) 87 Cal.App.5th 9, 16.) As modified by Senate Bill No. 81, section 1385, subdivision (c) now provides, in part:

"(1) Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute.

"(2) In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances … are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety. 'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others."

The mitigating circumstances courts are to consider and afford great weight to in considering whether to strike an enhancement includes, but is not limited to, whether "[t]he application of an enhancement could result in a sentence over 20 years." (§ 1385, subd. (c)(2)(C).) We note Senate Bill No. 81 initially codified this provision under section 1385, subdivision (c)(3)(C), but section 1385 was further amended pursuant to Assembly Bill No. 200 (2021–2022 Reg. Sess.), effective June 30, 2022, and this provisions was amended to fall under subdivision (c)(2)(C). (Stats. 2022, ch. 58, § 15.) Pursuant to Senate Bill No. 81, section 1385, subdivision (c)(7) provided: "This subdivision shall apply to sentencings occurring after the effective date of the act that added this subdivision." (Stats. 2021, ch. 721, § 1.) Thereafter, Assembly Bill No. 200 modified subdivision (c)(7) of section 1385 to state: "This subdivision shall apply to all sentencings occurring after January 1, 2022." (Stats. 2022, ch. 58, § 15.) Because Senate Bill No. 81 became effective January 1, 2022, this modification did not result in a substantive change.

Recently, the California Supreme Court discussed the scope of a trial court's discretion if it chooses to strike a firearm enhancement pursuant to section 1385 and section 12022.53, subdivision (h). (See *People v. Tirado*, *supra*, 12 Cal.5th at pp. 696–701; *People v. McDavid* (2024) 15 Cal.5th 1015, 1030.) In *Tirado*, the high court held, if a court exercises its discretion to strike a section 12022.53, subdivision (d) enhancement,

6.

it can substitute an uncharged enhancement under section 12022.53, subdivision (b) or subdivision (c) if the facts necessary to establish that enhancement were alleged and found true. (*Tirado*, at pp. 699–700.) In *McDavid*, the court further held, "when a court has exercised its discretion under subdivision (h) to strike a section 12022.53 enhancement and finds that no other 12022.53 enhancement is appropriate," the court may impose a lesser included, uncharged enhancement under a law other than section 12022.53 if it is supported by facts that have been alleged and found true. (*McDavid*, at p. 1030.)

A trial court's refusal to exercise its section 1385 discretion to dismiss is reviewed for an abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 374.) A trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it. (*Id*. at p. 377.)

## B.    Analysis

Defendant argues we should conclude there is a rebuttable presumption in favor of dismissal where one or more of the mitigating factors enumerated in section 1385 apply. He further asserts the trial court abused its discretion during sentencing by failing to consider relevant factors that deserved "great weight" in considering whether to strike or reduce the firearm enhancement. He notes one of the enumerated mitigating factors in section 1385, subdivision (c)(2) applied—"[t]he 20-year sentence imposed for the firearm couple[d] with the three-year term for the substantive offense 'result[ed] in a sentence of over 20 years.' (§ 1385, subd. (c)(2)(C).)" He contends, "[r]ather than focus on the firearm enhancement, the court focused on the gang enhancement. It believed that it could impose a 15-year to life term for the gang enhancement and was showing [defendant] leniency by not doing so. [Citation.] It paid little heed to the 20-year enhancement mitigator." The People disagree that section 1385, subdivision (c) creates a rebuttable presumption in favor of dismissal of an enhancement where an enumerated

mitigating circumstance is present. And they contend the court did not abuse its discretion in refusing to dismiss or reduce the firearm enhancement. We agree with the People.

Initially, the California Supreme Court recently held "the plain language of section 1385, subdivision (c)(2) does not erect a rebuttable presumption in favor of dismissal that can only be overcome by a finding that dismissal endangers public safety," settling a conflict among the appellate courts. (See *People v. Walker* (2024) 16 Cal.5th 1024, 1033.) The *Walker* court explained that "looking at subparagraph (2) of subdivision (c) sequentially, it is clear that the structure does not 'presume' [citation] an enhancement should be dismissed whenever an enumerated mitigating circumstance is present, but instead 'the ultimate question before the trial court remains whether it is in the furtherance of justice to dismiss an enhancement' [citation] and this 'furtherance of justice' (§ 1385, subd. (c)(1)) inquiry requires a trial court's ongoing exercise of 'discretion' (*id*., subd. (c)(2))." (*Walker*, at p. 1033.) Thus, we reject defendant's contention that section 1385 created a rebuttable presumption in favor of dismissal of his firearm enhancement.

The *Walker* court further explained that section 1385, subdivision (c)(2)'s mandate to give "great weight" to enumerated mitigating circumstances requires a sentencing court to "'engage[] in a holistic balancing with *special emphasis* on the enumerated mitigating factors.'" (*People v. Walker*, *supra*, 16 Cal.5th at p. 1034.) "This means that, absent a danger to public safety, the presence of an enumerated mitigating circumstance will generally result in the dismissal of an enhancement unless the sentencing court finds substantial, credible evidence of countervailing factors that 'may nonetheless neutralize even the great weight of the mitigating circumstance, such that dismissal of the enhancement is not in furtherance of justice.'" (*Walker*, at p. 1036.) The *Walker* court noted, "Without credible evidence to support findings on aggravating circumstances, judges could disregard mitigating factors without a proper basis for doing so. This would

be incompatible with the 'great weight' the Legislature has attached to the enumerated mitigating circumstances." (*Ibid*.)

Applying these principles on the record before us, we cannot conclude the court abused its broad discretion in declining to strike or reduce the section 12022.53 firearm enhancement. We begin by noting, "[a]bsent evidence to the contrary, we presume that the trial court knew and applied the governing law." (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1390.) Furthermore, here, the record reflects the court conducted a "holistic balancing" in conducting sentencing and in declining to reduce or strike the firearm enhancement. The court acknowledged defendant's positive conduct while incarcerated in rendering its sentencing decision and declined to impose an indeterminate term on that basis. It also imposed the low term on the substantive offense. In deciding to impose the 20-year firearm enhancement, the court noted it considered the seriousness of the offense—which involved an innocent family having dinner and resulted in an assault by four individuals and an eventual shooting—a factor it was permitted to consider and that there was substantial, credible evidence to support. (See Cal. Rules of Court, rule 4.421 [aggravating factors include whether "[t]he crime involved great violence …, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness"].) And, given the circumstances of this case, we cannot conclude the court's failure to strike or reduce the firearm enhancement was so irrational or arbitrary that no reasonable person could disagree with it.

Accordingly, we reject defendant's contentions.

## II. Abstract of Judgment Must Be Corrected

As the People note, here, the court's sentencing minute order and the abstract of judgment reflect that the court imposed a 20-year enhancement pursuant to section 186.22, subdivision (b)(4)(B). However, the court's oral pronouncement of judgment

9.

establishes it imposed the 20-year enhancement pursuant to section 12022.53, subdivisions (c) and (e)(1).

A court has "'the inherent power to correct clerical errors in its record so as to make these records reflect the true facts.'" (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.) "Courts may correct clerical errors at any time, and appellate courts … that have properly assumed jurisdiction of cases have ordered correction of abstracts of judgment that did not accurately reflect the oral judgments of sentencing courts." (*Ibid.*)

Because here the abstract of judgment and the court's minute order do not accurately reflect the oral pronouncement of judgment, they must be corrected. (See *People v. Delgado* (2008) 43 Cal.4th 1059, 1070 ["the abstract of judgment is not itself the judgment of conviction, and cannot prevail over the court's oral pronouncement of judgment to the extent the two conflict"].) Additionally, we note item 16 on page 2 of the abstract indicates sentence was pronounced on "11/06/23"; sentence was imposed on October 27, 2023.

## DISPOSITION

The trial court is ordered to prepare a minute order and amended abstract of judgment reflecting the 20-year enhancement was imposed pursuant to section 12022.53, subdivisions (c) and (e)(1), to correct the date of sentencing on the abstract, and to forward a copy of the amended abstract to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.